UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD J. EGGLESTON, M.D.; ) | Case No. CV 06-218-N-EJL |
| MARK T. EGGLESTON, M.D.; and ) | |
| EYE CARE SPECIALISTS, P.S., a ) | |
| Washington corporation ) | |
| ) | |
| Plaintiffs, ) | **MEMORANDUM ORDER** |
| ) | |
| DANIEL R. KLEMP, O.D., and ) | |
| MARGARET ANN KLEMP, husband ) | |
| and wife, and KLEMP OPTOMETRY, ) | |
| P.C. ) | |
| Defendants ) | |
| _____ _____) | |

Plaintiffs Richard J. Eggleston, M.D., Mark T. Eggleston, M.D., and Eye Care Specialists, P.S., filed this action against Defendants Daniel R. Klemp, O.D., Margaret Klemp, and Klemp Optometry, P.C., alleging that Dr. Klemp made certain defamatory statements regarding Plaintiffs. Defendants have moved for summary judgment and the Plaintiffs have opposed the same. The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

---

[1] The Court notes that Plaintiffs have requested oral argument on the motion. "When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [to deciding the motion without oral argument] since any error can be rectified by an appeal of the summary judgment." Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991). In the present case, the matter has been fully briefed and the Court finds no prejudice in denying the request for oral

MEMORANDUM ORDER - 1

**Background**

Plaintiffs Dr. Richard Eggleston and Dr. Mark Eggleston are licensed physicians practicing in the field of ophthalmology. Dr. Richard Eggleston is the father of Dr. Mark Eggleston. Defendant Dr. Klemp is an optometrist who practices in the same geographical area as the Plaintiffs. According to Plaintiffs, Dr. Melanie Eggleston, who is the wife of Dr. Mark Eggleston, was told by an unidentified patient (the "Unnamed Patient") that Dr. Klemp had made certain false and defamatory statements regarding the Plaintiffs and their practice. Plaintiffs then "initiated an investigation into the defamatory statements and contacted three different individuals to schedule appointments with Dr. Klemp." (Pls.' Resp. to Am. Mot. for Summ. J. at 2). Plaintiffs allege that at "each appointment Dr. Klemp made disparaging and false statements about the Plaintiffs." (Id. at 2-3).

Subsequently, Plaintiffs filed this lawsuit alleging the state law claim of defamation. Defendants, in turn, moved for summary judgment and also moved to strike all references to the Unnamed Patient.

**Standards**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

---

argument. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998).

MEMORANDUM ORDER - 2

When analyzing the viability of this state law claim, the Court is mindful that it must apply the substantive law of Idaho, as interpreted by the Idaho Supreme Court. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 920 (9th Cir.1988). "[W]here the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 186 (9th Cir. 1989), cert. denied, 493 U.S. 1058 (1990). In this regard, the federal court must follow an intermediate state court decision unless other persuasive authority convinces the federal court that the state supreme court would decide otherwise. Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).

**Discussion**

A claim for defamation requires evidence of the following: "1. That the [defendant] published or communicated . . . a statement or statements about the [plaintiff]; 2. That the statements were false in a material respect; 3. That the [defendant] knew of the falsity of the statements, or acted with a reckless disregard for their truth; 4. That the statements reflected adversely upon the [plaintiff's] character, integrity, good name and standing in the community in that the statements impugned his credit worthiness; 5. That the defamatory statements caused damage to the [plaintiff]; and 6. The nature and extent of the damages, and the dollar amounts thereof." Student Loan Fund of Idaho, Inc. v. Duerner, 951 P.2d 1272, 1279 (Idaho 1997).

Defendants challenge Plaintiffs' case on the first element, arguing there is no evidence to create a genuine issue of fact as to the publication requirement. Specifically, the

MEMORANDUM ORDER - 3

Defendants contend that evidence collected by Plaintiffs' agents, who posed as patients, cannot establish the publication element because under the relevant case law a statement made "to the complaining party or to his agents . . . is not a publication that will support an action for slander." (Defs.' Br. in Supp. of Mot. for Summ. J. at 4). Defendants also argue that deposition testimony regarding the purported assertion of the Unnamed Patient is hearsay and cannot be used to establish publication, and therefore all references to the Plaintiffs' Unnamed Patient must be stricken.

### 1. Motion to Strike References to the Unnamed Patient

"Only admissible evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 988 (9th Cir. 2006). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002) (citing Fed.R.Evid. 801(c)). "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." Id.

Here, Plaintiffs submitted an extract from Dr. Mark Eggleston's deposition. In that extract he states that his wife, Dr. Melanie Eggleston, was told by the Unnamed Patient that Dr. Klemp had made certain negative statements regarding the Plaintiffs.

MEMORANDUM ORDER - 4

This evidence is offered by Plaintiffs to show that Dr. Klemp published a potentially defamatory statement regarding Plaintiffs to the Unnamed Patient.[2] (Statement of Disputed Facts ¶ 6; Pls.' Resp. to Am. Mot. for Summ. J. at 5-6). Therefore, contrary to Plaintiffs' contention, it is offered to prove the truth of the matter asserted and is thus hearsay.[3] Orr, 285 F.3d at 779 (holding that deposition testimony by plaintiff recounting how an employee had stated that the defendant had submitted negative documents about plaintiff to the FDIC was inadmissible hearsay). With no exception otherwise applying, the hearsay testimony is inadmissible and the references to the Unnamed Patient will be stricken. See id.

2. Publication

"The tort of defamation requires that plaintiff prove 'publication' of a slanderous statement." 30 River Court East Urban Renewal Co. v. Capograsso, 892 A.2d 711, 715 (N.J. Super. 2006). "Since the law of defamation seeks to secure reputation, there must be a communication to a third person." Id. The issue here is whether the alleged statements made

---

[2]     Plaintiffs characterize the evidence as circumstantial, but "[w]hether evidence is offered as circumstantial evidence as opposed to direct evidence has nothing to do with whether it constitutes inadmissible hearsay." Orr, 285 F.3d at 779 (quoting United States v. Jefferson, 925 F.2d 1242, 1252-53 (10th Cir.1991)).

[3]     A statement is offered for a nonhearsay purpose when "we are primarily interested simply in the fact that the statement was made." Orr, 285 F.3d at 779 n.26. On the other hand, a hearsay problem is present when the proponent is pointing to the "truth of the facts *in* the statement." Id. (emphasis in original). Here, to satisfy the publication requirement the Plaintiffs cite to the deposition of Dr. Mark Eggleston wherein he testifies that Dr. Melanie Eggleston was told by the Unnamed Patient that Dr. Klemp had made disparaging comments about Plaintiffs. (See Statement of Disputed Facts ¶ 6; Pls.' Resp. to Am. Mot. for Summ. J. at 5-6). When offered for this purpose, to prove the matter asserted, the statement is inadmissible hearsay. Orr, 285 F.3d at 779 & n.26.

MEMORANDUM ORDER - 5

by Dr. Klemp to the three individuals that Plaintiffs recruited to pose as patients constitute evidence of publication.[4]

Idaho has not yet addressed the question of whether statements to a plaintiff's agent may be considered a publication. However, review of the case law from other jurisdictions shows that the majority of courts have answered this question in the negative. The recent opinion by the New Jersey court in the Capograsso case is instructive. In that matter, the New Jersey court performed a careful analysis of existing case law and concluded that "invited communications to a [plaintiff's] agent are not 'published' for defamation purposes." Capograsso, 892 A.2d at 717.

In reaching its conclusion, the Capograsso court noted that in a case from Indiana the court held that "publication to an agent of plaintiff who is acting at plaintiff's behest and on his behalf is tantamount to a publication to plaintiff himself, and as such does not fulfill the publication requirement." Id. at 716 (quoting Brockman v. Detroit Diesel Allison Div. of Gen. Motors Corp., 366 N.E.2d 1201, 1203 (1977)). Similarly, in an opinion from the Fifth Circuit the court stated "[i]f the language complained of was uttered only to the complaining party or to his agent representing him in the matter discussed in the communication, it is not

---

[4] In their brief, Plaintiffs state that they recruited the three individuals to pose as patients and schedule appointments with Dr. Klemp. (Pls.' Resp. to Am. Mot. for Summ. J. at 2; see also Hague Aff. Exs. C, D & E). Thus, these facts are deemed admitted. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226-27 (9th Cir. 1988) ("For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit."). And under the case law, these individuals are considered "agents" of the Plaintiffs. See e.g., 30 River Court East Urban Renewal Co. v. Capograsso, 892 A.2d 711, 715-17 (N.J. Super. 2006).

MEMORANDUM ORDER - 6

such a publication as will support an action for slander." Id. (quoting Mims v. Metro. Life Ins. Co., 200 F.2d 800, 802 (5th Cir.1952)). And finally, in a case very similar to the one here, the Capograsso court recounted the holding from Beck v. Tribert, 711 A.2d 951, 959 (N.J. App. Div. 1998): "There an employee asked several of his friends to pose as prospective employers and contact his former employer for references about him. . . . [the court] concluded that the former employer's negative statements to plaintiff's friends were not 'published' to a third party." Id.

Plaintiffs do not seriously contest the application of this case law to the circumstances presented here.[5] Instead, Plaintiffs appear to argue that while the case law may not permit consideration of this evidence directly, it should be allowed to go to a jury as circumstantial evidence. (Pls.' Resp. to Am. Mot. for Summ. J. at 5-6 ("Regardless of the status of those who investigated the defamation claims . . . the information garnered . . . is quality circumstantial evidence of publication." )). The defect in Plaintiffs' case, however, does not turn on a characterization of the evidence as circumstantial versus direct. The problem is that the statements to Plaintiffs' agents "do not form the basis for a slander claim *because they were not published.*" Capograsso, 892 A.2d at 716 (emphasis in original). To state it another

---

[5]   Plaintiffs, for instance, do not argue that they fall within the "good faith" exception, which permits a party or a party's agent to contact the defendant "to ascertain 'the existence, source, content or meaning of a prior defamatory publication.' " Beck, 711 A.2d at 959 (quoting Restatement (Second) of Torts § 584 cmt. a). This is no doubt due to the fact that the Plaintiffs recruited the three individuals to pose as patients and act as "provocative decoys." See id. Under these circumstances, any statements obtained are not actionable: "When the publication of defamatory matter has been invited, instigated or procured by the one defamed, or by someone acting on his behalf, he generally cannot be heard to complain of the resulting injury, particularly, when it is elicited for the purposes of predicating an action thereon." Id.

MEMORANDUM ORDER - 7

way, and in the context of the pending motion: the information collected by Plaintiffs' agents is not competent evidence sufficient to create a genuine issue of material fact as to whether Dr. Klemp published a defamatory statement to a third party.

Lastly, Plaintiffs assert that a "decrease in the number of scheduled surgeries and revenue" over a twenty-two month (22) period is evidence of a defamatory publication by Dr. Klump. (Pls.' Resp. to Am. Mot. for Summ. J. at 6). However, as Defendants note, the record shows any number of reasons for Plaintiffs' decrease in surgeries and revenue. For instance, during the relevant time-frame Dr. Richard Eggleston stopped performing most surgeries. (Hague Aff. Ex. B, Dep. of Mark Eggleston, M.D. 7:17-20). Also the Plaintiffs decreased the advertising for their medical practice and Plaintiffs' collection on outstanding balances was down. (Id. at 8:5-15). Plaintiffs also concede that prior to 2004 they had closed two of their offices due to business losses. (Id. at 14:6-25, 15:1-17).

On summary judgment, the Court need only draw all reasonable inferences in favor of the non-moving party. See Hanon v. Dataproducts Corp., 976 F.2d 497, 507 (9th Cir.1992) (explaining that in reviewing summary judgment, the court is entitled to consider the plausibility and reasonableness of inferences arising from circumstantial evidence). Moreover, "an inference based on speculation and conjecture is not reasonable." CBS Broadcasting, Inc. v. EchoStar Communications Corp., 450 F.3d 505, 518 (11th Cir. 2006). In light of the actual business decisions and financial factors that almost certainly played a part in Plaintiffs' economic losses, the circumstantial evidence of Plaintiffs' deceased

MEMORANDUM ORDER - 8

surgeries and revenue simply does not provide enough proof to a allow a reasonable factfinder to draw an inference of publication.

Accordingly, Plaintiffs have failed to create a genuine issue of material fact on the element of publication and summary judgment will be entered in favor of Defendants on the defamation claim.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Defendants' Motion to Strike (docket no. 36) is **GRANTED**; and

2. Defendants' Motion for Summary Judgment (docket no. 21) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**; and

3. The Motion to Exclude Plaintiffs' Expert Witnesses (docket no. 24) and the Motion for Extension of Time to Complete Discovery (docket no. 45) are rendered **MOOT** by this Order; and

4. The trial date of July 17, 2007 is **VACATED** and this case is **DISMISSED** in its entirety.

DATED: **May 18, 2007**

Honorable Edward J. Lodge
U. S. District Judge